Sherpa v. Garland

BIA
Nelson, IJ
A206 258 836

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand twenty-one.

PRESENT:
>>DEBRA ANN LIVINGSTON,
>>>*Chief Judge,*
>>JOSEPH F. BIANCO,
>>STEVEN J. MENASHI,
>>>*Circuit Judges.*

_____

DOLA SHERPA, AKA DOELA SHERPA
>*Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

19-2440
NAC

_____

FOR PETITIONER:   Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**                Joseph H. Hunt, Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Rodolfo D. Saenz, Trial Attorney; Jeremy M. Hall, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dola Sherpa, a native and citizen of Nepal, seeks review of a July 16, 2019, decision of the BIA affirming a January 30, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dola Sherpa*, No. A206 258 836 (B.I.A. July 16, 2019), *aff'g* No. A206 258 836 (Immig. Ct. N.Y. City Jan. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing

2

adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such a[]. . . ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency's adverse credibility determination is supported by substantial evidence because Sherpa's testimony was internally inconsistent regarding the year of the sole incident of alleged physical harm, she testified she was "supposed to say 2013," and she provided a different account of the severity of her harm than a supporting letter. The

3

inconsistencies provide sufficient support for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find h[er] credible. Multiple inconsistencies would so preclude even more forcefully."). Moreover, the IJ reasonably inferred that Sherpa's comment about what she was "supposed to say" was indicative of a memorized story. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal quotation marks and citation omitted)). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief rely on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
</pre>